DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JAMAL A. MORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-0109 |
| | ) |
| THE UNITED STATES VIRGIN ISLANDS, ALBERT BRYAN, JR., JOEL A. LEE, KIRK CALLWOOD, SR. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

**THIS MATTER** comes before the Court on a complaint filed the Plaintiff, Jamal A. Morton, on November 3, 2020. Plaintiff subsequently filed several motions thereafter, namely:

1. Motion to Certify Class, filed on November 3, 2020. ECF No. 3.
2. Motion to Appoint Counsel, filed on November 4, 2020. ECF No. 4.
3. Motion for Preliminary Injunction, filed on November 4, 2020. ECF No. 5.
4. Motion for Overlength Brief, filed on November 4, 2020. ECF No. 6.
5. Motion to take Judicial Notice, filed on November 4, 2020. ECF No. 7.
6. Motion to Expedite Consideration, filed on November 4, 2020. ECF No. 8.

Plaintiff initiated this action by filing a complaint alleging that the United States Virgin Islands ("USVI") and Bureau of Internal Revenue ("BIR") are withholding or refusing to issue Economic Impact Payments ("EIP") under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to persons incarcerated under the custody of the USVI or Bureau of Corrections ("BOC"). (ECF No. 1.) Notwithstanding the filing of the complaint and the various motions, there is no evidence in the record that defendants were served with process. *See* Fed. R. Civ. P. Rule 4(l)-(m). As such, it does not appear that the Court has personal jurisdiction over the defendants. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l., Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). The plaintiff bears the burden of proof of service. *See Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) (explaining that proper service of process is an "essential element [ ] of the court's personal jurisdiction over the defendant . . . ," and finding that a court lacks personal jurisdiction over a defendant as a result of a defective summons.); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are

*Morton v. U.S.V.I.*
Case No. 3:20-cv-0109
Order
Page 2 of 2

properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). Failure to effect proper service within 90 days could result in dismissal of an action. *See* Fed. R. Civ. P. 4(m). The motions also do not contain a certificate of service or any other indication that defendants were served with the motions. *See* Fed. R. Civ. P. Rule 5(a)(1)(D), (d)(a)(B).

The premises considered, it is hereby

**ORDERED** that, if the Plaintiff wishes for the Court to take expedited action in this case, the Plaintiff shall provide proof of service no later than Tuesday, November 10, 2020.

**Dated:** November 5, 2020                    /s/  *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **District Judge**