**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JAMAL MORTON, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES VIRGIN ISLANDS, )<br>The Honorable ALBERT BRYAN, JR., in his )<br>Official capacity as the Governor of the )<br>United States Virgin Islands, JOEL A. LEE, )<br>In his official capacity as the Director of )<br>the Bureau of Internal Revenue, CLARINA )<br>MODEST ELLIOT, in her official capacity )<br>As acting the Commissioner of the )<br>Department of Finance, )<br>)<br>Defendants. ) | Case No. 3:20-cv-00109 |

**APPEARANCES:**

JOSEPH A. DIRUZZO, III, ESQ.
DIRUZZO & COMPANY
FT. LAUDERDALE, FL
   *For Plaintiff,*

CHRISTOPHER M. TIMMONS, ESQ.
ASSISTANT ATTORNEY GENERAL
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
ST. CROIX, U.S. VIRGIN ISLANDS
   *For Defendants.*

**MEMORANDUM OPINION**

**MOLLOY, Chief Judge.**

On February 2, 2022, this Court issued an Order directing the parties to address whether the issues in this case are moot and whether Plaintiff was required to exhaust certain administrative remedies. (ECF No. 99.) The parties filed their respective briefs addressing the matters raised by the Court. (See ECF Nos. 106, 107, 109, and 109). For the reasons stated below, the Court finds that all issues remaining in this case are moot. The

Court also finds that Plaintiff failed to exhaust his administrative remedies on his section 7422 claim.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jamal Morton ("Morton") brought this putative class action for declaratory judgment on behalf of persons who have been incarcerated under the custody of the United States Virgin Islands ("USVI") at any time from March 27, 2020 to the present, alleging that Defendants USVI, Governor Albert Bryan, Jr. ("Governor Bryan"), Director of the Bureau of Internal Revenue ("BIR") Joel A. Lee ("Director Lee") and the acting Commissioner of the Department of Finance Clarina Modest Elliot ("Commissioner Elliot") unlawfully refused to issue Economic Impact Payments ("EIP") to which those persons are entitled under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, 26 U.S.C. § 6428. (ECF No. 22.)

To address the economic crisis caused by the coronavirus pandemic, Congress passed, and President signed the CARES Act into law on March 27, 2020. Under the CARES Act, eligible individual may receive a payment of up to $1,200. By operation of the Mirror Code, 28 U.S.C. § 1397, the CARES Act applies to the USVI. Although the statute does not exclude incarcerated individuals from eligibility for an EIP, the Internal Revenue Service ("IRS") announced on May 6, 2020, that incarcerated individuals were not eligible for the EIP and requested certain incarcerated individuals to return the monies they received. The BIR issued guidance on its website requiring individuals eligible for the EIP to file 2018 income tax returns and adopted the IRS' position that incarcerated individuals are not eligible to receive EIP. Plaintiff asserts that Congress did not exclude incarcerated individuals from the CARES Act and the IRS had no legal basis to withhold EIP from incarcerated individuals or require them to return the monies received.

On August 8, 2020, a class action complaint was filed in the Northern District of California, *Scholl v. Mnuchin*, Case No. 4:20-cv-5309 (N.D. Cal.), contesting the IRS' position that incarcerated individuals are not eligible for the EIP under the CARES Act. On October 14, 2020, the court entered a permanent injunction against the federal government and certified the class, *Scholl v. Mnuchin*, No. 20-cv-05309, 2020 WL 6065059 (N.D. Cal. Oct. 14, 2020). The IRS Notice 1446 sent to correctional facilities established November 4, 2020, as

a deadline for incarcerated individuals to provide the IRS with information required to issue the EIP and Notice 1444-D informed the *Scholl* class how to obtain the EIP. However, IRS Notice 1444-D did not apply to the incarcerated individuals in the USVI.

On October 27, 2020, Plaintiff sent Director Lee a letter seeking clarification on whether the BIR shares the same view as the IRS regarding the CARES Act and the EIP as it applied to incarcerated individuals but received no response.

Plaintiff asserted the following claims in the First Amended Complaint on behalf of himself and similarly situated putative members:[1] (1) against the USVI for violations of the CARES Act, as Mirrored to the USVI by operation of 48 U.S.C. § 1397, based on the refusal to issue EIP benefits to Plaintiff and the class solely because of their status as incarcerated persons; (2) claim under 42 U.S.C. § 1983 against Director Lee, Governor Bryan and Commissioner Elliot in their official capacity for violations of the CARES Act; and (3) violation of the Territorial equivalent of the Administrative Procedure Act under 3 V.I.C. § 911 against all Defendants for unlawful withholding of EIP benefits. (ECF No. 22.)

On December 31, 2020, the Court granted Defendants' motion to dismiss without prejudice for lack of subject matter jurisdiction. (ECF Nos. 89, 90.) On December 29, 2021, the Third Circuit Court of Appeals vacated the judgment and remanded to the Court to determine whether the action is moot. (ECF No. 95.) Although the matter was remanded solely to determine whether the action is moot, the Court directed an additional briefing on the issue of exhaustion under 26 U.S.C. § 7422. (ECF No. 99.)

---

[1] For the purposes of Fed. R. Civ. P. 23, paragraph 50 of the Amended Complaint defines the class as follows:
All USVI residents who:
(a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) under the custody and control of the USVI and/or BOC, or have been held to have violated a condition of parole or probation imposed under federal, state, or territorial law, at any time from March 27, 2020 to the present;
(b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
(c) were not claimed as a dependent on another person's tax return; and
(d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

In support of their brief responding to the Court's order, Defendants submitted Exhibit A (ECF No. 106-1, Hand Delivery Receipt of the Income Tax Return Check No. 00045368 signed by Plaintiff on January 11, 2021), Exhibit B (ECF No. 106-2, transcript from the November 24, 2020 evidentiary hearing in this matter), Exhibit C (ECF No. 106-3, transcript of Lee's March 30, 2022 deposition), Exhibit D (ECF No. 106-4, transcript of the April 13, 2022 deposition of Lee, Sandra Gerard-Leung and Bosede Bruce) and Exhibit E (ECF No. 106-5, transcript form the December 14, 2020 evidentiary hearing). In support of his brief, Plaintiff submitted Exhibit 1 (ECF No. 107-1, Defendant's Responses and Objections to Plaintiff's Requests for Admission Relating to Jurisdictional Discovery), Exhibit 2 (ECF No. 107-2, Defendant's Responses and Objection to Plaintiff's First Set of Interrogatories Relating to Jurisdictional Discovery), Exhibit 3 & 4 (ECF Nos. 3-4, Defendant's responses to Plaintiff's discovery requests), Exhibit 5 (ECF No. 107-5, United States Virgin Islands Bureau of Corrections Inmate/Detainee Handbook Revised 08/2021) and Exhibit 6 (ECF NO. 107-6, the March 30, 2022 transcript of Lee's deposition).

## II. DISCUSSION

### A. *Mootness*

The Court will first address whether the claims in this matter are moot under the mootness doctrine. As stated succinctly by the Third Circuit in *Doe v. Delie*, 257 F.3d 309 (3d Cir. 2001):

> The Constitution limits the power of the federal judiciary to the resolution of "cases and controversies." *See* U.S. Const. art. III, § 2, cl. 1. Federal courts are not empowered to decide moot questions. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (per curiam). The mootness doctrine requires that an actual controversy exist at all stages of review, not merely at the time the complaint is filed. *New Jersey Turnpike Auth. v. Jersey Cent. Power & Light,* 772 F.2d 25, 31 (3d Cir.1985). We have stated that "mootness has two aspects: (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." *Id.*

*Delie*, 257 F.3d at 313.

> The mootness doctrine is centrally concerned with the court's ability to grant effective relief: "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."

*Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001).

### 1. Count 1 –CARES Act, as Mirrored to the USVI

In Count 1, Plaintiff alleges that "Defendants have refused to issue EIP benefits to Plaintiff and the Class based solely on their status as incarcerated persons, despite lacking any statutory authority to do so" and Plaintiff and putative class members "seek monetary relief in an amount equal to each Class Member's benefit under the CARES Act and an order compelling Defendants to issue EIP benefit to them and the Class." (ECF No. 22 ¶¶ 60, 62.) It is undisputed that: (1) Morton's 2019 tax return, signed on November 1, 2020, was received by the BIR on November 24, 2020 (ECF No. 107-5 at 37-38); and (2) Morton received his EIP by hand delivery on January 11, 2021, (ECF No. 106-1), after the commencement of this action. Thus, after the commencement of this action on November 9, 2020, Defendants issued to Morton and Morton received EIP benefits. As a result, the Court cannot compel Defendants "to issue EIP benefits" to Morton, since they have already done that. Furthermore, Director Lee testified that the EIP benefits were issued to all eligible incarcerated persons. Plaintiff did not controvert Defendants' evidence. To the extent that Plaintiff argues that Count 1 is not moot because incarcerated persons who did not file tax returns did not receive EIP benefits, the proposed putative class definition, *see* Am. Compl. ¶ 50, does not include incarcerated persons who did not file tax returns and, consequently, such incarcerated persons are not members of the alleged putative class in this action. Additionally, the CARES Act does not impose affirmative obligation on prison officials to assist incarcerated persons with fling their tax returns, and Morton does not provide citation to any authority that supports such an obligation. Since it is undisputed that EIP benefits have been issued to Plaintiff and all incarcerated persons who are similarly situated to Plaintiff, the Court finds that Count 1 is moot.

### 2. Count 2 - Section 1983 Relief and Request for Declaratory Judgment and a Permanent Injunction)

In Count 2, Plaintiff alleges that Director Lee, Governor Bryan and Commissioner Elliot "failed to issue, and refuse to issue, the EIPs to the Plaintiff and members of the Class" violating their Equal Protection rights under the Fourteenth Amendment to the U.S. Constitution and seeking declaratory and injunctive relief to restrain Defendants from

continuing unlawful conduct. (ECF No. 22 at §§ 67, 71, 76-79.) As discussed above, it is undisputed that Defendants issued EIP benefits to Plaintiff and all incarcerated persons who are similarly situated to Plaintiff. The EIP program expired on December 31, 2020, *see* 26 U.S.C. § 6428 (3)(A), making the alleged denial of the EIP impossible to reoccur. As Count 1 is moot and with no possibility of recurring, the Court finds that there is no basis to order declaratory or injunctive relief based on failure to issue EIP benefits.

In the Prayer for Relief, Plaintiff also requested an award of reasonable attorney's fees and costs, as well as prejudgment and post-judgment interests. He argues that prejudgment interest in a Section 1983 case defeats mootness of Count 2. However, Plaintiff did not seek damages under Section 1983 and only sought equitable relief, making his argument about prejudgment interest meritless. Moreover, courts have discretion to award attorney's fees in a Section 1983 action and only to the prevailing party. 42 U.S.C. § 1988(b). Plaintiff failed to cite any binding authority to support his argument that the request for attorney's fees under Section 1983 is sufficient to prevent a finding that Count 2 is moot. Accordingly, the Court finds that Count 2 is moot.

### 3. **Count 3 - Unlawful Withholding of EIP Benefits to Plaintiffs and the Class**

In Count 3, Plaintiff alleges that Defendants "have unlawfully withheld and/or unreasonably delayed the issuance of EIP benefits" in violation of the Territorial equivalent of the Administrative Procedure Act, the Virgin Islands Code 3 V.I.C. § 911 et seq., seeking declaratory and injunctive relief. (ECF No. 22 at §§ 83, 98.) In light of the Court's findings that Count 1 and Count 2 are moot, and for the same reasons articulated under Count 2, the Court finds that Count 3 is moot.

Plaintiff also argues that his claims are not moot because he is entitled to interest for the delay in receiving his EIP which was required to be paid in 2020, without citing to any authority allowing for such interest. The CARES Act provides specifically that "[n]o interest shall be allowed on any overpayment attributable to this subsection." 26 U.S.C. § 6428(f)(4). Plaintiff's unsupported argument that he is entitled to interest for the delay in receiving his EIP, which prevents mootness of his claims, is meritless.

### B. *Administrative Exhaustion*

The CARES Act 2020 Recovery Rebates for Individuals provides: "In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by subtitle A for the first taxable year beginning in 2020 an amount equal to the sum of. . . $1,200." 26 U.S.C. § 6428(a)(1).

> For purposes of this section, the term "eligible individual" means any individual other than--
> (1) any nonresident alien individual,
> (2) any individual with respect to whom a deduction under section 151 is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins, and
> (3) an estate or trust.

26 U.S.C. § 6428(d). "The Secretary shall, subject to the provisions of this title, refund or credit any overpayment attributable to this subsection as rapidly as possible. No refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A).

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) ("Section 7422(a)").

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

"In view of the Supreme Court's guidance in [*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)], it may be improper to continue to refer to the administrative exhaustion requirements of § 7422(a) . . . as 'jurisdictional pre-requisites.'" *Walby v. United States*, 957 F.3d 1295, 1300 (Fed. Cir. 2020). The Court finds that Section 7422(a) is not jurisdictional. *See Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 114, 119 (3d

Cir. 2017) ("exhaustion under § 7433(d) is a nonjurisdictional requirement that imposes an obligation a plaintiff must fulfill before filing a suit for damages"). Since Section 7422(a) is not jurisdictional, it does not implicate mootness. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions,'").

"[C]ourts have rejected IRS arguments that a person seeking payment under the CARES Act must exhaust administrative remedies under § 7422, holding that '[b]y its plain language, § 7422(a) does not apply here because [a claim seeking an advance refund stimulus payment] is not a suit for any tax, penalty, or sum wrongfully collected.'" *Hudson v. Dep't of Treasury*, No. 1:21-CV-392, 2021 WL 5782471, at *2 (W.D. Mich. Dec. 7, 2021) (citing *Graham v. Dep't of Treasury I.R.S.*, NO. 21-CV-1411, 2021 WL 5356784, at *3 (E. D. Pa. Nov. 17, 2021), *aff'd in part, vacated in part, remanded*, No. 22-1285, 2023 WL 3597382 (3d Cir. May 23, 2023) (quoting *R.V. v. Mnuchin*, No. 20-1148, 2020 WL 3402300, at *7 (D. Md. June 19, 2020)) and *Amador v. Mnuchin*, 476 F. Supp. 3d 125, 143-44 (D. Md. 2020) (noting that requiring the exhaustion of administrative remedies before proceeding with a CARES Act claim "is at odds with the very purpose of the impact payments")).

In *Amador*, the court considered the constitutionality of the CARES Act provision codified at 26 U.S.C. § 6428(g)(1)(B) excluding "an otherwise eligible individual from receiving emergency cash assistance in the midst of the COVID-19 pandemic if his or her spouse is an undocumented immigrant." *Amador*, 476 F. Sipp. at 135. The court found that "a refund action brought under § 7422 is not an adequate avenue for plaintiffs to challenge § 6428(g)(1)(B)," *id.* at 143, because the "case cannot be characterized as a tax refund action" since "Plaintiffs do not 'complain[ ] of the manner in which a tax was assessed or collected,' nor do they seek 'reimbursement for wrongly paid sums.'" *Id.* at 144 (quoting *King v. Burwell*, 759 F.3d 358, 367 (4th Cir. 2014)). The court explained:

> Forcing plaintiffs to exhaust their administrative remedies would be an "arduous, expensive, and long" process, [*U.S. Army Corps of Eng'rs v. Hawkes*, 578 U.S. 590, 601 (2016)] that serves none of the goals underlying § 7422. Before plaintiffs could challenge § 6428(g)(1)(B), they would first have file a 2020 tax return, which they cannot do until 2021. Then, plaintiffs would have to wait until the IRS invariably denies their request for a refund in the amount

of the CARES Act payment, because they are ineligible per § 6428(g)(1)(B). Once that happens, plaintiffs would have to file an administrative claim with the IRS, asking it to reconsider its position. But, here too, the IRS will reject plaintiffs' claim, citing § 6428. Thus, administrative exhaustion under § 7422 is guaranteed to be an exercise in futility because there is no possibility that it could provide plaintiffs with relief. *See Cohen v. United States*, 650 F.3d 717, 732 (D.C. Cir. 2011) (en banc) (concluding that the § 7422 was not an adequate alternative to APA where administrative exhaustion could not remedy plaintiff's complaint). This Kafkaesque scenario is at odds with the very purpose of the impact payments—to assist Americans grappling with the economic fallout of a public health catastrophe.

*Id.* More recently, one court noted that "[c]ourts have rejected the argument that a refund action is a necessary prerequisite to bringing claims under the CARES Act" based on Section 7422(a)'s plain language, citing to *King* and *Amador*, while other courts "stated that claims seeking an economic impact payment tax refund pursuant to 26 U.S.C. § 7422 require administrative exhaustion," citing to *Davis v. IRS*, No. 21-CV-4728, 2022 WL 612718, at *5 (E.D. Pa. Mar. 1, 2022) (citing *Morton v. United States Virgin Islands*, No. 21-1292, 2021 WL 6137867, at *3 n.6 (3d Cir. Dec. 29, 2021). *Moffa v. Yellen*, No. 1:22-CV-00565, 2022 WL 4134738, at *3-4 (M.D. Pa. Sept. 12, 2022).

Notwithstanding the case law noted above, this Court is bound by decisions of the Third Circuit. In its opinion, the Third Circuit characterized Plaintiff's claim in Count 1 as "a tax refund claim pursuant to 26 U.S.C. § 7422." *Morton v. Bryan*, No. 21-1291, 2021 U.S. App. LEXUS 38471, at *2 (3d Cir. Dec. 29, 2021). The plain language of the statute explicitly prohibits a section 7422 claim to be filed in court unless a claim for refund or credit has been filed with the Secretary, or, in this case, the Director of the BIR. 26 U.S.C. §7422(a). Plaintiff has failed to do so. Thus, not only is Plaintiff's claim under Count 1 moot, but it is also subject to dismissal for failure to exhaust administrative remedies. *See Morton*, 2021 U.S. App. LEXUS 38471, at *6, n.6 ("For one we note that Morton's 26 U.S.C. §7422 claim requires administrative exhaustion.")

### III. CONCLUSION

For the foregoing reasons, the Court finds that the claims asserted in the Amended Complaint are moot. The Court further finds that Plaintiff failed to exhaust administrative remedies for his claim under Count 1. An appropriate Order follows.

**Dated:** August 28, 2023                    /s/ *Robert A. Molloy*
                                              **ROBERT A. MOLLOY**
                                              **Chief Judge**